IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL ELECTRICAL BENEFIT     *
FUND,

                                  *

      Plaintiff,

                                  *          Civil No. TDC-17-0369

v.

                                  *

GREER ELECTRIC COMPANY, INC.,

                                  *

      Defendant.

                  *      *      *      *      *      *

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Default Judgment ("Motion") (ECF No. 11) filed by Plaintiff National Electrical Benefit Fund ("NEBF"). Defendant Greer Electric Company, Inc. ("Greer") has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). On July 7, 2017, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6, Judge Chuang referred this case to me for a report and recommendation on NEBF's Motion. (ECF No. 12.) I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that NEBF's Motion be granted.

**I.      FACTUAL AND PROCEDURAL HISTORY**

In this case, NEBF filed suit against Greer under the Employee Retirement Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1132(e), to recover delinquent pension fund contributions and related relief. (ECF No. 1.) Greer was personally served with the Complaint and summons but did not file an answer or responsive pleading within the requisite time period. On March 14, 2017, NEBF moved for the Clerk's entry of default (ECF No. 7), and the Clerk

entered default against Greer on March 28, 2017 (ECF No. 10). On March 30, 2017, NEBF filed

the Motion, to which Greer has not responded.

## II.     LEGAL ANALYSIS

### A.     Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-

pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin.*

*Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co.*

*v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26,

2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a

legitimate cause of action, since a party in default does not admit mere conclusions of law.

*United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012)

(citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be

decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993),

default judgment "is appropriate when the adversary process has been halted because of an

essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If

the Court determines that liability is established, the Court must then determine the appropriate

amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1

(D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as

true, but rather must make an independent determination regarding such allegations. *Durrett-*

*Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default,

the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may

enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's

assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims

liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at \*2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

### B. Liability

ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA further provides that employers who fail to make timely contributions are liable in a civil action for unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(a), (g).

In the Complaint, NEBF alleges that it is a multiemployer employee pension benefit plan within the meaning of 29 U.S.C. § 1002(2). Greer is an employer that has agreed to participate in the NEBF pursuant to collective bargaining agreements with the International Brotherhood of Electrical Works Local Union 602 ("Collective Bargaining Agreements"). (*Id.* ¶ 6.) Pursuant to the Collective Bargaining Agreements, Greer is required to submit contributions to the NEBF on behalf of Greer's covered employees. (*Id.*) In addition to its obligations under the Collective Bargaining Agreements, Greer is also bound to the terms and conditions of the Restated

Employees Benefit Agreement and Trust for the NEBF ("Trust Agreement"). (*Id.* ¶ 7.) Notwithstanding its obligations, NEBF has failed to make the contributions required by the Collective Bargaining Agreements and the Trust Agreement to the NEBF for its covered employees. (*Id.* ¶ 8.) NEBF alleges that Greer owes $6,887.49 in delinquent contributions in connection with work performed by Greer's covered employees between March 2014 and December 2014. (*Id.* ¶ 9.) Despite its demands for payment, Greer remains delinquent in its payment obligations. (*Id.* ¶ 10.) Accepting as true the unchallenged allegations of the Complaint, NEBF has established Greer's liability for failure to pay the contributions as required by the Collective Bargaining Agreements and the Trust Agreement.

### C. Damages

Having determined that NEBF has established Greer's liability, it is now appropriate to determine the damages to which NEBF is entitled. The damages NEBF seeks in its Motion are appropriate under Rule 54(c) so long as "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at \*3 (D. Md. Apr. 16, 2010). Here, NEBF has provided sufficient evidence to support its claim for damages in the amount of $13,493.10.

In support of its claim for damages, NEBF submits the affidavit of Angel Losqaudro ("Losquadro"). (ECF No. 11-1.) Losquadro is the Director of the NEBF's Audit and Delinquency Department and is familiar with the allegations of the Complaint and the facts of this case. (*Id.* ¶¶ 1-2.) Under the Trust Agreement, which Losquadro incorporates into the affidavit (*id.* at 4-12), NEBF may recover interest on delinquent contributions at a rate of ten percent, liquidated damages in the amount of twenty percent of the delinquent contributions, audit costs, and attorney's fees and costs incurred in collecting delinquent contributions. (*Id.*) As

discussed above, these damages are allowed under ERISA. 29 U.S.C. § 1132(g). Losquadro states that an audit of Greer's books and records conducted in August 2015 revealed that Greer failed to submit a total of $8,957.14 in contributions for work performed by its covered employees in 2014. (ECF No. 11-1 ¶ 4.) Greer subsequently paid a total of $2,069.64 toward the delinquent contributions, leaving an outstanding balance of $6,887.49 for the year 2014. (*Id.* ¶ 5.) In addition, NEBF seeks interest on the delinquent contributions in the amount of $2,515.13, the calculation of which is set forth in Exhibit 3 to Losquadro's affidavit (*id.* at 19-20.) The amount of delinquent contributions and interest that NEBF seeks is consistent with the Complaint and supported by Losquadro's affidavit. I recommend that the Court award NEBF $6,887.49 for Greer's delinquent contributions and $2,515.13 for interest on those contributions.

In addition to liquidated damages and interest, Losquadro states that Greer owes NEBF liquidated damages in the amount of $1,791.43[1] and audit costs in the amount of $536.25. (*Id.* ¶ 8-9.) Under the Trust Agreement, NEBF is entitled to "liquidated damages [in] an amount up to twenty percent (20%) of the amount found to be delinquent." (*Id.* at 11.) NEBF is also entitled to recover the costs of any audit costs incurred in enforcing the Trust Agreement. (*Id.* at 11.) The amount of liquidated damages and audit costs that NEBF seeks is consistent with the Complaint and supported by Losquadro's affidavit. I recommend that the Court award NEBF $1,791.43 in liquidated damages and $536.25 in audit costs.

NEBF also seeks an award of attorney's fees and costs, which are available in ERISA cases. 29 U.S.C. §1132(g)(2). When a court enters judgment in favor of the plaintiff in an ERISA action for a plan to recover unpaid contributions, it "shall award the plan . . . reasonable

---

[1] NEBF's calculation of liquidated damages is twenty percent of the total amount of Greer's delinquent contributions ($8,957.14), which does not include the subsequent payments made by Greer.

attorney's fees and costs of the action, to be paid by the defendant." *Id*. In calculating an award of attorney's fees, the court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Fourth Circuit has stated that a court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides that lawyers admitted to the bar for twenty years or more may reasonably bill $300-475 per hour. These hourly rates serve as guidelines in determining the reasonableness of hourly rates.

Throughout this litigation, NEBF has been represented by Jennifer Hawkins ("Ms. Hawkins") of the law firm Potts-Dupre, Hawkins & Kramer, Chrtd. (*See* ECF No. 14.) Ms. Hawkins has been a licensed attorney for 22 years and has been responsible for NEBF's ERISA collections proceedings at her law firm since 1996. (*Id.* ¶¶ 2-3.) Ms. Hawkins' charged a rate of $379.00 per hour in this case. (*Id.* ¶ 5.) This rate is within the guidelines set forth in the Local Rules, and I find it to be a reasonable hourly rate. In addition, I find that the time that Ms. Hawkins spent working on this case, which is detailed in her affidavit is reasonable. (*Id.* ¶ 6.) I recommend that the Court award to NEBF attorney's fees in the amount of $1,212.80.

Finally, NEBF incurred a total of $550.00 in costs, which includes the $400 fee for filing the complaint and a $150.00 service fee. (*Id.* ¶ 9.) I recommend that the Court award to NEBF costs in the amount of $550.00.

In total, I recommend that $13,493.10 in damages be awarded to NEBF against Greer.[2] This amount is comprised of $6,887.49 in delinquent contributions for the year 2014; $2,515.13 in interest; $1,791.43 in liquidated damages; $536.25 in audit costs; $1,212.80 in attorney's fees; and $550.00 in costs. I also recommend that NEBF be awarded any additional fees and costs incurred in connection with the enforcement of the judgment, and post-judgment interest at the rate set forth in 28 U.S.C. § 1961.

## III.  CONCLUSION

In sum, I recommend that the Court:

1.  Grant National Electrical Benefit Fund's Motion for Default Judgment (ECF No. 11);

2.  Enter judgment in favor of National Electrical Benefit Fund against Greer Electric Company, Inc. in the amount of $13,493.10, plus post-judgment interest to accrue at the legal rate;

I also direct the Clerk to mail a copy of this Report and Recommendation to Greer Electric Company, Inc. Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


August 4, 2017                                          /s/
Date                                          Timothy J. Sullivan
                                             United States Magistrate Judge


---

[2] Losquadro's affidavit calculates the total damages as $13,593.10. (ECF No. 11-1 at 2.) The proposed order attached to the Motion (ECF No. 11-3) calculates the total damages as $12,593.10. The correct calculation of total damages is $13,493.10.